THE STATE, WILLIAM M. FORCE, PROSECUTOR, v. JAMES WILLIAMSON, COLLECTOR, &c., OF ROXBURY TOWNSHIP, MORRIS COUNTY.

1. After the assessor has ascertained and set down the name of the owner and the real estate to be assessed, in the course of his duties in making the assessment, he is not obliged to substitute the name of a subsequent owner, even if requested before the time to complete the assessment has expired.

[This was an assessment in 1865. The act of 1866 makes the assessment relate to the day when the assessor may commence.]

2. The township or ward where the owner resides is the proper place to claim a deduction for a mortgage debt on real estate in another township.

*Certiorari.* In matter of tax.

Argued at February Term, 1868, before Justices BEDLE, DALRIMPLE, and DEPUE.

For prosecutor, *J. Vanatta.*

For defendant, *P. D. Vroom.*

State, Force, pros., v. Williamson, collector, &c.

BEDLE, J.   The prosecutor, a resident of Essex county, was assessed ior the year 1865 in Roxbury township, Morris county, as owner of one hundred acres of land in that township, part of which was a mill property of about two acres. The whole was valued at $14,000.   The assessor, on the 15th day of June, 1865, while engaged in ascertaining the persons and property liable to taxation, and in the regular course of his duties, entered in his tax book the name of William M. Force, as the owner, and also the quantity of the land.   Afterwards, on the 3d day of July, 1865, the prosecutor conveyed the mill property to Isaac F. Kinney for $11,000, and took a mortgage from him for the full amount of the consideration.   After that, about the 10th or 12th of the same month, Force requested the assessor to assess the mill property to Kinney.   The assessor refused to do it, upon the grounds that he had already assessed it to Force, and also that Kinney had been assessed the last of May or the 1st of June previous.   The evidence shows that the assessor in good faith intended, as he understood it, to assess the land to Force on the 15th of June, as the owner, and that he then, without doubt, was the owner.   Was the assessor bound to alter his tax book, and assess the mill property to Kinney?   By the act of March 17th, 1854, (*Nix. Dig.* 853*) it is the duty of assessors " *in making their assessments*," to assess all real estate in the names of the owners thereof, respectively.   The sixth section of the act of March 3d, 1854, (*Nix. Dig.* 851) provides that " the personal tax shall be assessed upon each inhabitant liable to a personal tax, in the township or ward where he resides *at the time of the assessment;* and every person shall be assessed in the township or ward where he resides *when the assessment* is made, for all lands *then* owned by him within said township or ward."   And in the seventh section of the same act, " every person shall be assessed in the township or ward where he resides *when the assessment* is made, for all personal estate owned by him," &c.   The words *assess* and *assessment* are not always used in the same precise sense in our

* *Rev.*, p. 1163. ? 114.

tax laws. The words "at the time of the assessment," and "when the assessment is made," referred to in the sixth and seventh sections, relate to the time and act of the assessor, when he ascertains and sets down in writing the person and property liable to taxation. His duties in that respect are contained in the eighth section of the act of March 31st, 1854, and the first section of the act concerning taxes. *Nix. Dig.* 842.* It is evident, that by the act of March 31st, 1854, each individual should be assessed for all the personal estate owned by him at the time the assessor ascertains and sets it down for the purpose of the assessment; and so, also, as to his real estate in the township where he resides. If this assessment had been against a resident of the township of Roxbury, it would be clear that after the assessor had ascertained and set down the name of the owner and the property, in the course of his duties in or towards the making of the assessment, that he would not have been obliged to alter it, (unless under the tenth section before its repeal,) because the then owner had afterwards conveyed away the land. If such would be the case as to the real estate, it would also be the same as to the personal estate, and the result would be, that until after the 20th day of August the assessor would have to alter his tax book, if requested, whenever there was a change in the ownership of real or personal estate. Under the act of March 17th, 1854, the assessor, *in making the assessment*, must assess all real estate in the name of the owners, whether they reside in the township or not. To ascertain and set down in his tax book or duplicate, as it is called in the eighth section referred to, all such real estate and the names of the owners, is a part of the assessor's duty that he performs while engaged in a like duty as to residents, and there is no reason why the same principle should not apply to the one as the other. In the absence of any provision to the contrary, it should be so held, otherwise it would work great inconvenience to the assessor. A better principle is now adopted by the act of 1866, in having the assessment

* *Rev., p.* 1140.

relate to the day when, by law, the assessor may commence; but the tax in question was assessed in 1865, and is controlled by the law as it then stood.   The assessment of the mill property had been made, in the contemplation of the law, before the conveyance to Kinney, and the assessor was not bound to alter it.

It is further objected, that no deduction was made from the valuation of the real estate assessed to the prosecutor, in Roxbury township, for a mortgage of eight thousand dollars, given by him to his daughter, a resident of this state, to secure to her a marriage portion.   The claim for this deduction was made at the time of the request to alter the assessment of the mill property.   It was based upon an affidavit made by the prosecutor, and sent to the assessor, about July 3d, 1865.   The mortgage was upon the one hundred acres, less the mill property, and a tract of one hundred and thirty-four acres, which latter tract the prosecutor claimed was improperly assessed to his mother, instead of himself.   The amount of the mortgage was more than sufficient to cover the valuation in the assessment of the two tracts, less the mill property.   The assessor declined not only to change the assessment of the mill property, but also to make the deduction.   In that he did right.   The deduction, if proper to be made anywhere, should have been made in the township or ward where the prosecutor resided.   His residence was in Newark.   In the case of *The State* (Shreve, prosecutor,) v. *Crosley*, decided at June Term, 1867, this court held " that the place where the tax payer resides and pays taxes on his personal estate, is the proper locality within which he should claim deduction for debts owing within the state."   It was also suggested in that case, that if the amount of debts exceeds the estate taxable where the prosecutor resides, he might, perhaps, under a proper affidavit, by reason of the act of 1864, (*Laws of* 1864, *p.* 732,) have a deduction for the balance from the valuation of his real estate in another county.   However that may be, no such claim was made. From the proof, the prosecutor had already been assessed in Newark, and nothing appeared in the affidavit to show

whether the amount had been deducted there or not. The assessor of Roxbury had no right to make the deduction on the affidavit presented.

The question whether the *certiorari* should not be dismissed for a want of good faith in the transfer to Kinney, to avoid taxation in Roxbury township, need not be considered under the views taken.

For the reasons stated, the assessment against the prosecutor must be affirmed.

Assessment affirmed.

DALRIMPLE and DEPUE, Justices, concurred.

CITED *in State, Shreve, pros.,* v. *Crosley,* 7 *Vr.* 427 ; *State, Shippen, pros.,* v. *Harden,* 5 *Vr.* 81 ; *State, Savage, pros.,* v. *Jones,* 10 *Vr.* 248 ; *State, Cummins, pros.,* v. *Jones,* 11 *Vr.* 107.