STATE, RUTHERFORD PARK ASSOCIATION, PROSECUTOR,
v. TOWNSHIP OF UNION, BERGEN COUNTY.

1. Lands must be assessed in the name of the owner, at the time when the assessment is to be commenced.

2. If lands are not designated by such short description as will be sufficient to ascertain the location and extent, and a sale thereof cannot be made, the tax for the same may still be collected by warrant against the goods, chattels and person of the owner.

3. A mistake in the name of the owner may be corrected where he has notice.
4. When the true owner has notice, and is a party to the record, the court will reverse or affirm, in part or in the whole, the tax against his lands, according to the justice of the case.

[Case distinguished from *State* v. *Hardin*, 5 *Vroom* 79.]

On *certiorari* to George W. Petty, one of the constables of the township of Union, in the county of Bergen, to bring up a certain tax warrant issued by the township committee, to make $476 50, for the year 1870, of lands alleged to be the property of Knapp & McPherson, situate in the said township.

Argued at February Term, 1873, before Justices WOOD-HULL, VAN SYCKEL and SCUDDER.

For the prosecutors, *C. S. Scofield.*

For the defendants, *Potts & Linn.*

The opinion of the court was delivered by

SCUDDER, J.    This tax warrant is illegal.    The lands assessed are a hotel property in Rutherford Park, comprising about two acres, with the buildings thereon, occupied by Knapp & McPherson.    There was an agreement between them and the association for the purchase and sale of these lands, for the price of $50,000.    The deed had not been executed and delivered, and the purchase money had not been paid, or secured to be paid.    When the assessor applied to the parties in possession, Knapp & McPherson, for their taxable property, he was told by them the position of the property, as it then stood.    He was truly informed that there was only an agreement for sale; that $5000 on account of the purchase money of $50,000 had been paid, and that the balance, $45,-000, was unpaid and unsecured.

The assessor entered the land on his duplicate to Knapp & McPherson, or " R. P. Association," " value $50,000." He

added $45,000, the balance agreed to be paid for the property after deducting the $5000 paid on account, to the taxable personal property of the Rutherford Park Association.

His duty was to assess the land in the name of the owners, by section one of the act of March 17th, 1854, and by the act of 1866; and this assessment must relate to the day fixed by the statute for its commencement. *State* v. *Hardin*, 5 *Vroom* 79.

On May 20th, 1870, this land belonged to the Rutherford Park Association.

This association paid the tax on $45,000, part of the value of this lot of land assessed to them as personalty, and the township committee issued their warrant to the constable to collect the whole value, $50,000, out of the property, as the lands of Knapp & McPherson, non-resident owners, under section three of the act of March 17th, 1854.

This proceeding is oppressive and illegal. If it should be sustained, the township would receive from the association the tax on $45,000, part of the value of the land assessed as personalty, and the total value, $50,000, assessed as realty, making $95,000 taxable property, instead of $50,000, the actual amount.

It is claimed on the part of the township that this result is caused by the neglect or refusal of Knapp & McPherson to make oath to their indebtedness, and thereby obtaining a reduction from the value of the land. But they were not the owners, and could not make the required oath that the sum of $45,000 was due and owing to the association under section twenty of the act of April 11th, 1866. *Nix. Dig.* 955. By this statute the debt must be *due and owing* to entitle them to a deduction, and this would not be until the title had passed.

Again, if they were non-residents there could be no deduction of any debt from the valuation of their land here *State* v. *McChesney*, 6 *Vroom* 548.

But another difficulty is found in that the lands are no' designated by such short description as will be sufficient to

ascertain the location and extent thereof. This designation is required by section one of the act of March 17th, 1854, and it must be followed in the warrant. The duplicate certified to us has no such description, nor is there any addition thereto by way of supplement, or otherwise. The only description found in it is "Knapp & McPherson, or R. P. Association; number of acres, 2. Valuation of real estate, $50,000. Amount taxable, $50,000." There is nothing here to ascertain the location and extent, as required by the statute. It does not even say that the lands are in the tract owned by the Rutherford Park Association, nor by the number of the lot, or its location on the tract have we any description by which it can be identified. A short description would comply with the terms of the statute, but none, excepting the words "number of acres, 2," is certainly not sufficient. The warrant to be issued·by the township committee (section three, act 1854,) for the sale of the lands "of which the assessor's description shall be therein set forth," is the only means provided for the collection of the tax, by making it a charge on the land assessed. No other description can be used, and any warrant therefore, issued in this case by them, would be indefinite and ineffectual.

But if these particulars were given, the warrant could not be used for the sale of the lands of these prosecutors, the Rutherford Park Association, for they do not reside out of the state, nor are they a foreign corporation, residing out of the county in which the land is located.

The tax warrant, and the proceedings under it for the sale of this land as the property of Knapp & McPherson, or as the property of these prosecutors, must be set aside.

It is claimed, on the part of the prosecutors, that this disposes of the case, and that no tax can be collected against them for this land, under the ruling of this court in State v. Hardin. But this is not so. The prosecutors are named on the duplicate as owners. The entry is "Knapp and Mc-Pherson, or R. P. Association." It is not denied, and the affidavits taken show, that this latter description means the

Rutherford Park Association. They had notice of this tax, and are here to avoid it. In State *v.* Hardin, the true owner had no notice at any stage of the proceedings, and was not before the court to have his right determined. The charge by lien on the land being illegal, the tax could not be enforced against him when he was not a party to the record, and had no notice.

It differs, therefore, from this case, where the party to be charged is a party to the record, and has notice. If the proceedings are ineffectual to make the tax from the land, it may still be collected as a general tax against the true owner who is named in the duplicate.

I see no objection, therefore, to the issue of another warrant (*Acts of April 1st*, 1868, *p.* 559, and *Laws of* 1869, *p.* 612,) against the goods and chattels of the Rutherford Park Association for the tax upon this land, which is sufficiently designated for that purpose by the number of acres in the duplicate. The requirement under section ten of the act of 1866, is that the assessor shall add to his duplicate, by way of appendix, or otherwise, a designation of the real estate by such short description as will be sufficient to ascertain the location and extent thereof, only *in cases where he has reason to suppose it may be difficult to collect the tax by warrant against the goods, chattels and person*, and proceedings by warrant to sell the lands may become necessary. If he has no reason to suppose there will be difficulty, an assessment like the present will be sufficient for a warrant against the goods and chattels of the prosecutors.

But it would be unjust that this new, or alias warrant should issue for the whole amount of tax for this land, upon the valuation of $50,000, for by the error of the assessor $45,000 of this valuation has already been assessed as part of the personalty of the prosecutors, and this tax has been paid by them.

With the facts and parties before us, we can do justice in this cause.

By section two of the act of 1852, (*Nix. Dig.* 946)* where

---

* *Rev., p.* 1172, § 148.

it appears satisfactorily to this court that the amount or value of taxable property for which any person is assessed is too great, the court shall amend such assessment, and reduce the same to the proper and just amount, and thereupon affirm the same, according to such amendment and reduction, and reverse the same as to the excess thereof. It is also made the duty of this court, by the act relative to the writ of *certiorari*, approved April 6th, 1871, to determine disputed questions of fact as well as of law, and, according to the justice of the case, to reverse or affirm, in part or in the whole, any tax or assessment, or other proceedings.

With this large discretion given by the statute, justice can be done between these parties.

The tax warrant and the proceedings thereon are set aside. The tax is affirmed against the prosecutors for this lot of land named in the duplicate. A credit of $45,000, paid by the prosecutors on the mistaken rating of this amount as to personalty, must be deducted, leaving a balance of $5000 unpaid and collectible.

CITED in *State, Hoey, pros.*, v. *Collector, &c.*, 10 *Vr.* 75; *State, Parker, pros.*, v. *Elizabeth*, 10 *Vr.* 689; *State, Allen, pros.*, v. *Woodbridge*, 13 *Vr.* 401.