HENRIETTA W. TILGHMAN, WIDOW; AND RONALD O'NEAL TILGHMAN AND BETTY SUE TILGHMAN, MINOR CHILDREN OF GERALD O. TILGHMAN, DECEASED, EMPLOYEE v. WEST OF NEW BERN VOLUNTEER FIRE DEPARTMENT, EMPLOYER; NON-INSURER, AND/OR CRAVEN COUNTY, EMPLOYER; NIAGARA FIRE INSURANCE COMPANY, CARRIER

No. 7610IC785

(Filed 6 April 1977)

Counties § 2; Master and Servant § 49— workmen's compensation — death of volunteer fire department employee — liability of county

There was no contractor-subcontractor relationship between a county and a volunteer fire department by reason of the county's collection of a tax within the fire district for fire protection and a contract whereby the county agreed to pay the tax proceeds to the fire department in return for the fire department's agreement to provide fire protection for the fire district, since collection of taxes by the county constituted the exercise of a public and governmental power and could not be the subject of a contract; therefore, the county could not be held liable for workmen's compensation benefits for the death of an employee of the fire department.

APPEAL by defendants Craven County and Niagara Fire Insurance Company from the opinion and award of the Full Com-

mission of the North Carolina Industrial Commission filed 9
July 1976. Heard in the Court of Appeals 9 March 1977.

This is a proceeding under the Workmen's Compensation
Act. On 20 April 1964 the Craven County Board of Commis-
sioners adopted a resolution providing that voluntary fire de-
partments which met certain specified minimum requirements
would be entitled to funding from the county. Later in 1964
defendant, West of New Bern Volunteer Fire Department, was
incorporated as a non-profit corporation and qualified for
county funding. In a referendum held on 6 May 1967 pursuant
to G.S. 69-25.1, the voters of the West of New Bern Fire Pro-
tection District authorized the levy and collection of a special
tax for fire protection. On 20 January 1972, pursuant to G.S.
69-25.5, defendant Craven County entered into a contract with
defendant Fire Department providing that the proceeds of the
special fire protection tax would be paid to the Fire Depart-
ment, and that the Fire Department would provide adequate
fire protection service for residents of the West of New Bern
Fire Protection District. On 6 November 1973 decedent died
as a result of an accident arising out of and in course of his
employment with the Fire Department. At that time, the Fire
Department's workmen's compensation insurance coverage had
lapsed. However, defendant Craven County had a valid work-
men's compensation insurance policy issued by defendant Ni-
agara. Decedent was survived by his wife and children, who
filed a claim for workmen's compensation death benefits. Dep-
uty Commissioner Delbridge held that all defendants were
liable for benefits, because decedent was employed by both
Craven County and the Fire Department at the time of his
death. Craven County and Niagara appealed to the Full Com-
mission. In its opinion, the Full Commission held that decedent
was employed only by the Fire Department at the time of his
death, and the Fire Department was primarily liable for death
benefits to plaintiffs. However, it further held that Craven
County had violated G.S. 97-19 by subletting a contract with-
out requiring from the subcontractor (the Fire Department)
or obtaining from the Industrial Commission a certificate show-
ing that the subcontractor had obtained workmen's compensa-
tion insurance or was financially able to act as a self-insurer.
For this reason, Craven County and its compensation carrier,
Niagara, were secondarily liable to plaintiffs. The Commission
ordered that if the Fire Department had not begun making

payments to plaintiffs within 30 days, "then the secondary liability of the defendant, Craven County, and its compensation carrier, shall come into effect." Craven County and Niagara appealed.

*Lee, Hancock & Lassiter, by C. E. Hancock, Jr., for the plaintiffs.*

*Teague, Johnson, Patterson, Dilthey & Clay, by C. Woodrow Teague, Robert M. Clay, and Robert W. Sumner, for Craven County and Niagara Fire Insurance Company.*

*Ward & Smith, P.A., by Michael P. Flanagan, for West of New Bern Volunteer Fire Department.*

MARTIN, Judge.

The determinative question presented by this appeal is whether there was a contract between Craven County and the residents of West of New Bern Fire Protection District with regard to fire protection services.

The Full Commission seems to have held that when the Craven County Board of County Commissioners began levying and collecting taxes within the West of New Bern Fire Protection District, it entered into a contractual arrangement whereby the county agreed to provide adequate fire protection services to residents in the district in exchange for tax revenues to be assessed. Further, the Commission held that Craven County, through its Board of Commissioners, sublet its duty under such contract to provide fire protection to residents of the district when it entered into a contract with the West of New Bern Volunteer Fire Department.

The collection of taxes by Craven County at the instance of the residents and freeholders of the West of New Bern Fire District under authority granted by the legislature constituted the exercise of a public and governmental power and as such is not and cannot be the subject of a contract. *Wagner v. Baltimore,* 239 U.S. 207, 36 S.Ct. 66, 60 L.Ed. 230 (1915); *Williamson v. New Jersey,* 130 U.S. 189, 9 S.Ct. 453, 32 L.Ed. 915 (1889); *Plant Food Co. v. Charlotte,* 214 N.C. 518, 199 S.E. 712 (1938).

Since there could be no contract between the county and the voters of the fire district in the instant case, the relation-

ship between the county and the fire department was not that of a principal contractor and subcontractor, and therefore G.S. 97-19 is not applicable. *Green v. Spivey,* 236 N.C. 435, 73 S.E. 2d 488 (1952).

We hold that there was no contractor-subcontractor relationship between Craven County and the West of New Bern Fire Department and therefore the opinion and award of the Industrial Commission holding Craven County liable for benefits are reversed.

Judges MORRIS and VAUGHN concur.