SMALL, J.T.C.
Chapter 91 of the Laws of 1979, N.J.S.A 54:4-34 (“chapter 91”), precludes the owner of an income-producing property from maintaining a tax appeal if he has failed to respond to an assessor’s demand for income information. In this case, I find that the assessor’s demand for information is adequate since it was served on the owner’s agent or designee. I also find that the loss of the right to litigate will extend to a receiver who comes into possession of the property after the owner’s agent failed to respond to the assessor’s demand for income information.
This matter is before me on defendant Teaneck’s motion to dismiss on the grounds that plaintiff failed to comply with chapter 91. For the reasons expressed below, I will grant the motion.
/.

Facts and Procedural History.

On May 11, 1990, the assessor of Teaneck pursuant to chapter 91 mailed to Carriage Four Associates c/o Prime, 1 Executive Drive, Fort Lee, New Jersey, a request for income and expense data for the tax year ending December 31, 1989, in order to provide information to enable him to make the 1991 tax assessment of the property located at 1086 Teaneck Road, Teaneck, New Jersey, Block 4808, Lot 2. As required by the statute, a copy of chapter 91 was included with the request. A review of the township’s records disclosed the fact that the notice was sent to the owner at the only mailing address on record as of May 11, 1990, and in fact, the address appearing on the 1984 deed of sale to Carriage Four Associates. The U.S. Post Office return receipt shows a delivery date of May 14, 1990. The recipient did not *175 respond to the request. As a result, the assessor valued and assessed taxes against the property without the benefit of the requested income information.
On January 9, 1991, well past the due date for the information requested in May 1990, a receiver for the property was appointed by the Superior Court, Chancery Division. At about that time, the receiver notified the municipality that future correspondence relative to the subject parcel should be sent to the receiver and not to the address at One Executive Drive. The receiver responded to the tax assessor’s 1991 request for income and expense information on June 28,1991, with respect to the 1992 assessment. Subsequently, the receiver filed an appeal of the 1991 tax assessment on August 15, 1991, alleging over valuation and discrimination under L. 1973 c. 123, N.J.S.A. 54:51A-6, (“chapter 123”). On April 27,1992, Teaneck filed a motion to dismiss the appeal on the grounds that the taxpayer had failed to pay taxes pursuant to N.J.S.A. 54:3-27. The motion was adjourned until June 15, 1992. Before that date, the receiver paid the taxes for 1991, and accordingly, Teaneck withdrew its motion for dismissal.
A case management conference was held on June 29, 1992. At that conference, Teaneck indicated it would file a chapter 91 motion, and it did so on July 8, 1992. Oral argument was heard on October 2, 1992.

II.

The Requirements of the Law—Chapter 91 and the Penalties for Noncompliance.

Chapter 91 provides as follows:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, and produce his title papers, and he may be examined on oath by the assessor, and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from, the assessor’s valuation and assessment with respect to income-producing property where the *176 owner has failed or refused to respond to such mitten request for information within 15 days of suck request or to testify on oath when required, or shall have rendered a false or fraudulent account. The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time. In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section. [N.J.S.A. 54:4-34 (emphasis added)]
The legislative history of chapter 91 shows that it was amended on May 16, 1979. That amendment, which added the provision denying appeal rights to the owners of income-producing property who fail to respond to the assessor’s income request, was designed to provide sanctions. The problem addressed was explained as follows:
While current statutes provide the assessor with a procedure whereby an assessment can be made notwithstanding the refusal of a property owner to provide income information, the property owner is not subject to any penalty for not disclosing property income information. The property owner is free to appeal the assessment, notwithstanding his refusal to provide information which would have affected the valuation, and, perhaps, avoided the appeal from the assessment. Further, where an appeal has been filed, the assessor currently has no access to information on which the appellant is basing his appeal and thus the assessor is unprepared to testify in argument to the appellant’s representation. This bill grants the assessor access to the information and he is, therefore, properly prepared to argue the appeal.
[Senate Revenue, Finance and Appropriations Committee, Statement to Senate Bill 309 (1978)].
The statute requires that the assessor send a chapter 91 request to the owner by certified mail and enclose a copy of chapter 91 along with the request. The owner must respond to the request within 45 days or forfeit his right to appeal the tax assessment. The purpose of chapter 91 “was to provide assessors with the means of obtaining the relevant information to aid them in determining by way of the income approach the assessment to be levied.” Delran Holding Corp. v. Delran Tp., 8 N.J.Tax 80, 83 (Tax 1985). As Judge Rimm stated, “[T]he purpose of N.J.S.A 54:4-34 is to assist the assessor, in the first instance, to make the assessment and thereby hopefully to avoid unnecessary expenses, time and effort in litigation.” Terrace View Gardens v. Township of Dover, 5 N.J.Tax 469, 471-72 (Tax 1982), aff'd o.b., 5 N.J.Tax 475 (App.Div.1983), certif. denied, 94 N.J. 559, 468 A.2d 205 (1983).
*177 The whole premise of chapter 91 is that the taxpayer is in control of the income information; using the income information is a good, if not the best, measure of value; and if the taxpayer withholds that information, the municipality has no other choice but to set the assessment without the benefit of income information of the subject property. Further, the 45-day response period fixed in the statute was deemed “necessary to provide for an orderly procedure.” Senate Revenue Finance and Appropriations Committee, Statement to Senate Bill 309 (1978) and see Westmark Partners v. West Deptford Tp., 12 N.J.Tax 591 (Tax 1992).
Generally, a taxpayer’s property tax assessment appeal will be dismissed where the taxpayer fails to comply with a legitimate chapter 91 request. Terrace View Gardens v. Dover Tp., supra. However, there are situations where chapter 91 is not applicable. Chapter 91 is applicable only to income-producing property. It has been held that an owner-occupied factory was not “income-producing property” within the meaning of chapter 91, so that the owner’s refusal to provide chapter 91 information to the assessor does not prevent a subsequent tax appeal. Monsanto Co. v. Town of Kearny, 8 N.J.Tax 109 (Tax 1986). Clearly, this is not the case here.
Chapter 91 compliance is also not applicable if the assessor fails to send the notice at least 45 days before the date on which the assessor must file his assessment with the county board of taxation (January 10), so that the requested information can be incorporated into the assessor’s determination. Westmark Partners v. West Deptford Tp., 12 N.J.Tax 591 (Tax 1992). The Legislature’s purpose was to provide the assessor with as much information as possible prior to the assessment, not to initiate a discovery tool to be used “after the fact.” Id. at 597. That is not our case either.
In our case, we have income-producing property and a proper chapter 91 request to which the taxpayer failed to respond. Therefore, this appeal should be dismissed. However, although the taxpayer is denied a full challenge to the assessment, he still is *178 entitled to a reasonableness hearing. Ocean Pines Ltd. v. Point Pleasant Bor, 112 N.J. 1, 547 A.2d 691 (1988).

III.

Is service on the owner’s designated agent sufficient to impose the sanctions of chapter 91?

Plaintiff would have us draw some significance from the fact that chapter 91 requires the assessor to make the income and expense demand on the “owner” (N.J.S.A. 54:4-34) of the property. In this case, the demand was made on the agent of the owner, designated by the owner for receipt of tax bills, at the address of the owner used in the deed conveying the property to the owner, and the only address to which the municipality could send correspondence relative to the subject property. The owner told the town to communicate with the agent regarding tax matters. The owner’s successor cannot now assert that the designation was for purposes of tax bills only and not for chapter 91 requests. This argument is particularly disingenuous when the owner gave no other address to the township.
The fact that the owner maintained an office in the subject property cannot serve to invalidate the service of a chapter 91 request on the owner’s designated agent when the owner never informed the town of its on-premises office. The owner, once having designated a tax agent, cannot be heard to complain that the chapter 91 request was made on the agent and not the principal.[1] If the agent failed to properly respond to the municipality’s chapter 91 request, then perhaps the owner, or' the owner’s successor, the receiver, has a cause of action against the agent. The derelictions of the receiver’s predecessor, be it the owner or the owner’s agent, should not be visited on the township and all of its other taxpayers.

*179
IV.

Does the appointment of a receiver change the sanctions for noncompliance with chapter 91?

The receiver in this case argues that he, as a subsequent owner, should not be held liable for the failure of his predecessor to comply with chapter 91. Implicit in this argument is the proposition that the receiver has standing to challenge a prior tax assessment and that he takes free and clear of all derelictions of the prior owner, i.e., lack of compliance with chapter 91. This is incorrect.
With respect to chapter 91, this is a case of first impression in New Jersey. The law in New Jersey and other jurisdictions is clear and the logic is overwhelming: a receiver takes property subject to any pre-existing conditions. A receiver takes the property of the debtor “in the same plight and condition and subject to the same equities and liens as existed against it in the hands of the person or corporation out of whose possession it was taken.” 75 C.J.S. Receivers § 112 at 753 (1952).
[A] receiver merely stands in the place of and has no greater right than the corporation over whose property he has been appointed receiver____
[Cohen v. Miller, 5 N.J.Super. 451, 459, 68 A.2d 421 (Ch.Div.1949) (cited in O’Connor v. First Bank and Trust Co., 12 N.J.Super. 281, 287, 79 A.2d 687 (App.Div.1951))].
A receiver holds the property coming into his hands by the same right and title as the person for whose property he is receiver, subject to liens, priorities, equities, privileges, claims, defenses, and estoppels existing at the time of his appointment. In other words, a receiver possesses no rights with respect to the trust property superior to those which would be possessed by the one for whom he was appointed, were the latter acting for himself... The receiver stands in the shoes of the corporation or person whose property is in receivership with exactly the same rights and obligations, with respect to such property, that such person had at the inception of the receivership.
[Pennsylvania Turnpike Comm. v. Evans, 13 Pa.D. & C.2d 290, 71 Dauph. 78, 84 (Eq.1957), aff'd, 392 Pa. 110, 139 A.2d 530 (1958)].
In sum, the owner’s receiver “stand[s] in the shoes of the owner____” Commonwealth of Pennsylvania v. Commonwealth Mutual Ins. Co., 450 Pa. 177, 299 A.2d 604, 606 (1973) (quoting Commonwealth Trust Company of Pittsburgh v. Harkins [312 Pa. 402, 167 A. 278] (citation omitted)).
*180 Here, the owner does not have the right to maintain a real estate tax appeal, because of his failure to comply with chapter 91. Since the owner has no right of appeal, the receiver has no right of appeal. The owner’s failure to follow the requirements of chapter 91 resulted in an impediment on the property with respect to the real estate tax appeal. That impediment did not disappear when the receiver took over. There is no doctrine comparable to that of holder in due course, N.J.S.A 12A:3-302, which would allow the receiver to immunize himself from the consequences of his predecessor’s failure to comply with chapter 91. The receiver is not the successor of the original owner—he is for all intents and purposes the owner.
Although the receiver takes the property subject to its defects, he does have any rights which the owner had to take a tax appeal. In denying the holder of a tax-sale certificate the right to appeal the property’s tax assessment, Judge Lario stated: “It is questionable whether the Legislature intended to grant every person who has an interest in real property, however slight, and voluntarily pays the taxes, the right to appeal as an ‘aggrieved taxpayer’.” Northfield v. Zell, 12 N.J.Tax 180, 183 (Tax 1991).
This court rendered a seemingly different result in allowing the mortgagee, as well as the owner, the right to appeal a tax assessment in Chemical Bank New Jersey v. City of Absecon, 13 N.J.Tax 1 (Tax 1992). Judge Rimm explained this difference as follows: “[a] mortgagee’s interest in the property significantly transcends that of a tax lien certificate holder by virtue of both the common law interests created in favor of the mortgagee and the contract interests created by the mortgage.” Id. at 17. (For example, the mortgagee assumes the duty to pay taxes upon default). “In addition, N.J.S.A 54:3-27.1 recognizes the interest of the mortgagee____” Ibid. The receiver here does have a right to appeal that assessment, because he stands in the original taxpayer’s shoes. But he also stands in those shoes with respect to meeting the statutory preconditions for filing an appeal. The prior owner failed to comply with chapter 91 and the receiver is saddled with that failure to comply with the statute. The chapter 91 defect runs with the land, it is not personal to any given owner. *181 Were I to hold otherwise, an owner who failed to comply with chapter 91 could avoid its sanctions by transferring his property to a new owner who would then take the tax appeal. No one could have intended that result.
Chapter 91 does not merely defer appeal until income and expense information can be provided, but deprives the taxpayer of the right to appeal, except upon a showing of “good cause” that the information could not be furnished within the time limit. Ocean Pines, Ltd. v. Point Pleasant Bor., 112 N.J. 1, 547 A.2d 691 (1988). There is no showing of “good cause” here as to why the former owner or his agent did not comply.
Finally, it has long been held that property is assessed in the name of the person owning the property at the time the assessment was commenced. State v. Township of Union, 36 N.J.L. 309, 311 (Sup.Ct.1873); Brown v. Brown, 72 N.J.Eq. 667, 675, 65 A. 739 (Ch.1907). After the assessor has set down the name of the owner, he is not obligated to substitute the name of a subsequent owner even if requested to do so before the' time to complete the assessment has expired. State v. Williamson, 33 N.J.L. 77 (Sup. Ct.1868), aff'd, 130 U.S. 189, 9 S.Ct. 453, 32 L.Ed. 915 (1889). “[Otherwise, it would work great inconvenience to the assessor.” 33 N.J.L. at 79.

V.

The sequencing of failure to pay taxes and chapter 91 motions.

Plaintiff argues that there is something inherently wrong or unfair in the defendant’s having moved sequentially, first, to dismiss the appeal on the grounds that taxes have not been paid, and then, once the taxpayer survived that motion by paying the delinquent taxes, to dismiss for failure to comply with chapter 91. Although, in retrospect, this sequence of motions would seem wise, nothing in the record would indicate that the timing of the motions in this matter was a conscious or calculated move. Furthermore, nothing in the statute or common law forbids it. Plaintiff argued that, had it known a chapter 91 motion was coming, it would not have paid its taxes in response to the failure to pay motion. That *182 may be so. But payment of the taxes was required in any event. Payment of taxes does not cure a chapter 91 default.
Defendant’s motion to dismiss is granted. Nevertheless, the taxpayer’s failure to respond to a chapter 91 request does not deprive it of its right to a reasonableness hearing pursuant to Ocean Pines, supra. If plaintiff requests such a hearing within 30 days of the date of this opinion, it will be granted. If a hearing is not requested within 30 days, the case will be dismissed.

 If the municipality had served the owner after being told by the owner to serve an agent, would the owner accept service or complain that service on the owner is ineffective when an agent has been designated?