BOARD OF THE BLACK RIVER REGULATING DISTRICT, Respondent, *v.* WILSON D. OGSBURY, Appellant.

Fourth Department, October 18, 1922.

Waters and watercourses — Conservation Law, article VII-A, providing for river regulation by storage reservoirs is constitutional — question whether taking of lands by River Regulating District organized under statute is for public purpose is judicial one — fact that private interests may benefit not fatal — judgment granting petition to condemn lands affirmed — whether proposed taking of additional lands is for public purpose not determined.

Article VII-A of the Conservation Law, providing for river regulation by storage reservoirs to be accomplished by the organization of bodies corporate known as River Regulating Districts, is constitutional, and is not violative of section 6 of article 1 of the Constitution, providing that no person shall be deprived of property without due process of law, nor is it violative of sections 6 and 7 of article 1 of the Constitution, on the ground that there is no adequate provision for paying awards made for property condemned.

Whether the use which the Board of Black River Regulating District, organized under said statute for the purpose of regulating the flow of the Black river and its tributaries, proposes to make of lands necessary for its reservoir is to be devoted to a public purpose is a judicial question to be determined by the courts, and the mere fact that private interests may benefit incidentally by reason of the public work is not fatal.

It must be established that the main purpose is for private and not for public benefit in order that the plans and purposes of said regulating district may be defeated.

A judgment granting the petition of said regulating district to condemn land consisting of less than one-fourth acre should be affirmed, there being no evidence that the work is for private benefit.

But the question whether the use which said regulating district proposes to make of more than 1,000 additional acres of private lands is to be devoted to a public purpose should not be determined upon the record in this case which contains very little information as to such use, for by such a determination the rights of many individuals, private corporations and municipalities would be foreclosed without opportunity to be heard.

APPEAL by the defendant, Wilson D. Ogsbury, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Herkimer on the 2d day of May, 1922,

upon the decision of the court, rendered after a trial at the Jefferson Special Term, granting plaintiff's petition to condemn certain real property.

*Purcell, Cullen & Pitcher* [*Henry Purcell* and *A. H. Cowie* of counsel], for the appellant.

*Delos M. Cosgrove* [*John N. Carlisle* and *Elon R. Brown* of counsel], for the respondent.

*Charles D. Newton,* Attorney-General [*Edwards P. Ward* and *Edward J. Mone* of counsel], intervening to submit a brief at the request of the court.

DAVIS, J.:

By chapter 662 of the Laws of 1915 the Legislature added article VII-A to the Conservation Law, which has been subsequently amended, and, so far as here involved, was thus amended by chapter 463 of the Laws of 1920, and has since this proceeding was commenced also been amended by chapter 665 of the Laws of 1922.

The purpose of the act was to provide for river regulation by storage reservoirs. This was to be accomplished by the organization of bodies corporate known as River Regulating Districts, created by a statutory commission consisting of the Conservation Commissioner, the Attorney-General and the State Engineer and Surveyor, or a deputy duly designated by each of said officers, which Commission, pursuant to amendments made to section 2 of the Conservation Law by chapter 499 of the Laws of 1921 and chapter 413 of the Laws of 1922 has become known as the Water Power Commission and the Water Control Commission. These corporations were to be created upon petition presented for the organization of such districts by residents or owners of real estate within the proposed district, or by public corporations whose boundaries were wholly or partly within such district. The affairs of such public corporation are managed by a board consisting of three persons appointed by the Governor.

In 1919 the plaintiff was organized under the provisions of this act. It seems that it is the only corporation in this State so organized.

Its ostensible purposes are to regulate the flow of the Black river and its tributaries so that disastrous and destructive floods may be prevented and a somewhat constant flow of water may be secured in the streams in dry seasons. It is proposed to accomplish these purposes by creating large storage reservoirs at advantageous locations, and there impounding the flood waters which may be gradually released as the natural flow diminishes in amount. Maps of the district and plans of the proposed work

have been made, and the plaintiff desires to take and condemn certain lands for such reservoir under the right of eminent domain given by the statute.   The maps and plans have been duly approved by the Commission as the statute prescribes.

The project is not a new one in this country, and the benefits to be derived are of common knowledge.   We have but to think of the experiences of the city of Dayton, O., before and since undertaking a similar work, to assure ourselves of the value to a community such a project may have.   The benefits to be derived seem obvious where cities, villages, industries, fertile farming lands, railroads and highways are periodically exposed to the ravages of destructive floods which might be controlled.   There can be no doubt of the validity of an act of the Legislature providing for the protection of the health, safety and welfare of citizens when such damages exist from navigable rivers or other streams within the borders of the State.   It is an exercise of the sovereign power of the State.   Lands and property to be taken from private owners for such a purpose are plainly for public use.   The Legislature may delegate the right of eminent domain to another public body or agency to exercise for the same purpose.   If the use is public, the Legislature is the sole judge of the necessity of the appropriation of lands.   (*Matter of Public Service Commission*, 217 N. Y. 61.)

The question sought to be determined here is whether the plaintiff is such an agency exercising the right of eminent domain for a public purpose and for public benefit.   The fact that private interests may benefit incidentally by reason of the public work is not fatal.   (*Matter of Burns*, 155 N. Y. 23.)   It must be established that the main purpose is for private and not for public benefit in order that the plans and purposes of the plaintiff may be defeated.   The question whether the use is public or not is a judicial one to be determined by the courts.   (*Pocantico Water Works Co.* v. *Bird*, 130 N. Y. 249.)   The mere fact that a corporation is obligated to perform public duties and endowed with rights which depend upon public use does not make it a public corporation.   (*Economic Power & Construction Co.* v. *City of Buffalo*, 195 N. Y. 286.)   Neither the declaration of the Legislature nor the action of the Commission conclusively establishes the status of the plaintiff and its right to take private lands for its reservoir. That right depends upon what the actual purpose is.   If for public benefit, then the right exists; if in aid of private gain, the right cannot legally be conferred.   The question will involve an inquiry into particular facts and is determined by the extent of the right by the public to its use and not by the extent to which that right

is or may be exercised. (*Bradley* v. *Degnon Contracting Co.*, 224 N. Y. 60.)

The appeal is from a judgment condemning certain lands claimed to be necessary for carrying on the projected work. The plaintiff desires that the constitutionality of the law may be finally determined before it becomes involved in the gigantic work it proposes to undertake. The question, as we view it, is not whether the act is constitutional (of which there can be no doubt) but whether the use which this corporation proposes to make of lands necessary for its reservoir is to be devoted to a public purpose.

The objections made on the part of the defendant to the taking of his lands are, in brief: (1) That the enterprise is not a public but a private one and private lands may not be taken by condemnation for private use; (2) that the legislation is violative of section 6 of article 1 of the Constitution which provides that no person shall be deprived of property without due process of law; (3) that the plan provided by statute is not workable and is violative of sections 6 and 7 of article 1 of the Constitution because there is no adequate provision for paying any award made for compensation for property condemned, and there is no method of making just compensation for property taken for public use. We entertain no doubt on the two latter points, so far as the general character of the legislation is concerned.

The land involved is on an island in the present Stillwater reservoir. When the reservoir is enlarged as projected, the island will be submerged. The defendant's land consists of less than one-quarter acre. Apparently the defendant did not own it when the maps and plans were made, and very likely became the owner upon the invitation of some person interested for the purpose of being a party to this action. It is alleged in the petition that the condemnation proceeding was taken for the reason (as recited in a formal notice served on defendant) that the plaintiff could not agree with him as to the value of the land. No proof of the condition of the land or of its value was offered by either party on the trial, but the damages were stipulated at $100, which would appear ample. No doubt if that sum had been offered to the owner of this small tract before the defendant acquired title, it would have been accepted. On the trial no evidence was offered on the part of the defendant, and cross-examination of the plaintiff's witnesses was either entirely absent or merely perfunctory. The questions raised in the brief of appellant have little if any basis in the record. There is no evidence that the work is for private benefit.

It is estimated that in the enlarged reservoir 1,000 additional acres of private lands are to be flowed and 500 acres more required

for additional protection, maintenance and operation — all of the total value of $60,000 and the total cost of the reservoir will be $779,000. This sum must be assessed by the Board upon individuals, private corporations and municipalities in proportion to the benefits received.

In a work of this magnitude with so many persons and municipalities having such large and important interests, where the questions are of such importance and of such far-reaching consequences, we do not believe the court should be asked to determine the question presented upon the record in this case, where so little information is furnished of the proposed use of the lands, and thereby foreclose the rights of those thus far without opportunity to be heard.

It is to all intents and purposes a · default judgment, which must be affirmed. We have no doubt that the Board very properly desires to have the question of its rights determined before it engages in so large an enterprise and incurs great expense. But the function of the courts is to determine genuine controversies between litigants and not to give merely advisory opinions. (*Matter of State Industrial Commission*, 224 N. Y. 13.)

We are not informed as to the value of property to be benefited or as to the effect of imposing this great additional burden of taxation thereon, which may amount in some cases perhaps to practical confiscation. No maps have been exhibited to us indicating the extent of the work and the kind and character of property it is proposed eventually to take. The facts before us are all too inadequate to assist us in arriving at a determination of such an important question.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.