ment' in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiff. The action was to restrain the enforcement of and have declared unconstitutional and void chapter 604 of the Laws of 1916, which amended chapter 125 of the Laws of 1906 and reduced the price which the plaintiff could charge its customers in the territory served by it from one dollar to eighty cents per 1,000 cubic feet after July 1, 1916. The Appellate Division held that said statute, in so far as it limited or limits the rate to be charged for gas supplied by plaintiff in the territory served by it, was, from the date of its enactment and continues to be, confiscatory and its enforcement would deprive plaintiff of its property without due process of law, contrary to the Fourteenth Amendment to the Constitution of the United States and section 6, article 1 of the Constitution of the State of New York.

*Carl Sherman, Attorney-General (Wilber W. Chambers* and *Clarence R. Cummings* of counsel), for State of New York, appellant.

*George P. Nicholson, Corporation Counsel (Judson Hyatt* and *James A. Donnelly* of counsel), for City of New York, appellant.

*Samuel F. Moran* and *John D. Monroe* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

BOARD OF THE BLACK RIVER REGULATING DISTRICT, Respondent, *v.* WILSON D. OGSBURY, Appellant.

*Eminent domain — condemnation proceedings — action under article VII-A of Conservation Law to acquire land required in construction of reservoir to regulate flow of Beaver and Black rivers.*

*Board of Black River, etc., v. Ogsbury,* 203 App. Div. 43, affirmed. (Argued March 12, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 24, 1922, affirming a judgment in

favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was brought under article VII-A of the Conservation Law, being chapter 65 of the Consolidated Laws, as amended by chapter 463 of the Laws of 1920, to condemn a parcel of land owned by the defendant and located in the town of Webb, Herkimer county, alleged to be necessary for the construction and improvement of the Stillwater reservoir in said town, which it is proposed to construct and improve on Beaver river for the purpose of regulating the flow of the water of that river and of the Black river, of which it is a tributary, on the ground that the same is required for the welfare of the public and for the improvement of the hydraulic powers on the said rivers from the said reservoir to the mouth of Black river where it falls into Lake Ontario.

*Henry Purcell* and *A. H. Cowie* for appellant.

*Nathan L. Miller* and *H. Bartow Farr* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ. Absent: POUND, J.

---

MORRIS MAY, Respondent, *v.* HETTRICK BROTHERS COMPANY, Appellant.

*Accounting — joint adventure — agreement by defendant to furnish merchandise to plaintiff's assignor for sale to third party — negotiations by defendant with third party resulting in sale direct to him — action to compel defendant to account for profits.*

*May* v. *Hettrick Bros. Co.,* 200 App. Div. 754, affirmed.

(Argued March 12, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 19, 1922, modifying and affirming as modified a judgment in favor of plaintiff entered upon the report of a referee The plaintiff, as assignee of the A. B. Kirschbaum Company, brought this action against the defendant Hettrick Brothers Company, tent manufacturers, alleging that in December, 1914, the Kirschbaum