THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE
BOARD OF COMMISSIONERS FOR IMPROVEMENTS ON THE
GREAT CHAZY RIVER et al., Appellants, *v.* F. M.
SANCOMB et al., Assessors of the Town of Dannemora,
Respondents.

(Argued March 14, 1932; decided March 22, 1932.)

*Seth S. Allen* for appellants. The lands assessed are within the limits of a public district as defined by chapter 470 of the Laws of 1926. (*Matter of Floyd-Jones* v. *Town Board,* 249 N. Y. 398; *Demarest* v. *Mayor,* 74 N. Y. 161; *Holroyd* v. *Town of Indian Lake,* 180 N. Y. 318; *People ex rel. Dresden* v. *Connolly,* 238 N. Y. 326; *Matter of City of New York,* 217 N. Y. 45; *Matter of City of Rochester* v. *Holden,* 224 N. Y. 386; *Board of Black River Regulating District* v. *Ogsbury,* 203 App. Div. 43; 235 N. Y. 600; *Bradley* v. *Degnon Contracting Co.,* 224 N. Y. 60; *Hudson River Regulating District* v. *F., J. & G. R. R. Co.,* 223 App. Div. 358; 249 N. Y. 445; *Matter of Long Sault Development Co.* v. *Kennedy,* 158 App. Div. 398; 212 N. Y. 1; *Matter of Burns,* 155 N. Y. 23; *People* v.

*Lockner,* 177 N. Y. 145; *Seeley* v. *Stevens,* 190 N. Y. 158; *People* v. *Bradley,* 207 N. Y. 592; *People ex rel. Henderson* v. *Board of Supervisors,* 147 N. Y. 1; *Brooklyn Park Ave. Commission* v. *Armstrong,* 45 N. Y. 234; *Knickerbocker Ice Co.* v. *42nd St. R. R. Co.,* 39 Misc. Rep. 27; 85 App. Div. 530; 176 N. Y. 408; *Matter of Wilder,* 90 App. Div. 262.) Chapter 289 of the Laws of 1868 was enacted for the public purpose of checking freshets in the Great Chazy river. (*Matter of Burns,* 155 N. Y. 23; *Matter of Tuthill,* 163 N. Y. 133.)

*John J. Bennett, Jr., Attorney-General (Charles E. McManus* of counsel), for State of New York. A public district was created by chapter 289 of the Laws of 1868. (*Matter of Floyd-Jones* v. *Town Board,* 249 N. Y. 398; *Holroyd* v. *Town of Indian Lake,* 180 N. Y. 318; *People ex rel. Desiderio* v. *Conolly,* 238 N. Y. 326; *People* v. *Stoll,* 242 N. Y. 453.) The exemption from taxation of the public district is constitutional. (*Matter of City of New York,* 217 N. Y. 45; *Matter of City of Rochester* v. *Holden,* 224 N. Y. 386; *Board of Black River Regulating District* v. *Ogsbury,* 203 App. Div. 43; 235 N. Y. 600; *Board of Hudson River Regulating District* v. *F., J. & G. R. R. Co.,* 233 App. Div. 358; 249 N. Y. 445; *Matter of Burns,* 155 N. Y. 23; *Matter of Rouge River,* 266 Fed. Rep. 105; *Alabama Power Co.* v. *Gulf Power Co.,* 283 Fed. Rep. 606.)

*Patrick J. Tierney* and *J. Edgar Downs* for respondents. The property assessed is not exempt under section 4, subdivision 3-a, of the Tax Law, as it is not a public district. (*Board of Black River Regulating District* v. *Ogsbury,* 203 App. Div. 43; 235 N. Y. 600; *Board of Hudson River Regulating District* v. *F., J. & G. R. R. Co.,* 127 Misc. Rep. 866; 233 App. Div. 358; 249 N. Y. 445; *People* v. *Cameron,* 140 App. Div. 76; *Matter of Frances Estate,* 121 App. Div. 129; *Elks* v. *Purdy,* 179 App. Div. 805.)

*Per Curiam.* Assuming that chapter 289, Laws of 1868, entitled "An Act to provide for the improvement of the hydraulic power of the Great Chazy river, and to check freshets therein," creates a "public district" within the definition contained in section 2, subdivision 1, chapter 470, Laws of 1926, the real property embraced therein is not exempt from taxation under section 4, subdivision 3-a, of the Tax Law (Cons. Laws, ch. 60), as such property is not used *exclusively* for the public purpose for which the district was established. The regulation of freshets in the Great Chazy river is a public purpose. (*Board of Black River Regulating District* v. *Ogsbury,* 203 App. Div. 43; affd., 235 N. Y. 600.) The improvement of hydraulic power in the aid of private owners is not. (*Hay* v. *Cohoes Co.,* 3 Barb. 42, 47.)

The act (L. 1868, ch. 289) may be deemed constitutional (*Board of Black River Regulating District* v. *Ogsbury, supra*) without extending tax exemption to the property assessed.

The order should be affirmed with costs.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Order affirmed.