Chief Judge Desmond
(dissenting). Under the Supreme Court’s “ Miranda ” confession rules (384 U. S. 436 [June, 1966]) this defendant’s conviction was illegal, as all must agree. Invariably — until now — the appellate courts of this State have applied to pending appeals the law as it stands on the date of decision of the appeal, unless vested property rights were at stake. Unvarying has been our fealty to the rule of the Schooner Peggy case (1 Cranch [5 U. S.] 103, 110 [1801]) where Chief Justice Maeshall wrote: “It is in the general true that the province of an appellate court is only to inquire whether a judgment when rendered was erroneous or not. But if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied, * * * In such a case the court must decide according to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside ” (quoted in our opinions in Robinson v. Robins Dry Dock & Repair Co., 238 N. Y. 271, 281, and Boardwalk & Seashore Corp. v. Murdock, 286 N. Y. 494, 498-499). In Black Riv. Regulating Dist. v. Adirondack League Club (307 N. Y. 475, 486-487) we stated, as the rationale for this fundamental, ‘ ‘ our unwillingness to perpetuate a judgment contrary to existing law ”. Contrary to existing law the criminal judgment here on appeal certainly is, yet it is being affirmed and perpetuated in the form of a 20-year-to-life imprisonment. The rule should be as it always has been, and must be *353 for justice and fairness: that a lawful change not affecting property is effective at once and binds the appellate courts.
Right up to this case we have been insisting in every criminal appeal that the current law, including changes shortly theretofore made, be enforced on appeal (see, for instance, People v. Huntley, 15 N Y 2d 72 [1965]; People v. Friedlander, 16 N Y 2d 248 [1965]; People v. Gunner, 15 N Y 2d 226 [1965]; People v. Sanchez, 15 N Y 2d 387 [1965]; People v. Failla, 14 N Y 2d 178 [1964]; People v. Donovan, 13 N Y 2d 148 [1963]; People v. Loria, 10 N Y 2d 368 [1961]). The cases listed are only a sampling. There are many others, new and old — and none to the contrary till now. Every criminal cause heard on direct appeal in this court has, until we reached this ease and its companions, been decided according to the law as we found it on our day of decision.
What reason do we give for this repudiation of a rule ancient in origin but modern in its justice ? Apparently, we are refusing to apply to this defendant’s appeal the law as we all understand it to be, simply because the Supreme Court, after reversing in Miranda, Vignera and Westover (and on the same ground affirming as to Stewart) on June 13, 1966, announced a week later in Johnson v. New Jersey (384 U. S. 719) that the State courts were not bound to enforce the Miranda rules except as to trials commenced after the Miranda decision date. The United States Supreme Court thus claimed for itself the right, in criminal liti-gations involving constitutional claims, to order that a new rule be prospective only in application ‘ ‘ ‘ where the exigencies of the situation require such an application ’ ” (384 U. S. 726, 727). But this court has never until now asserted such a right for itself, nor has it ever considered any exigencies as suspending the operation of the basic rule that each man’s case is to be decided on appeal according to the law as is. Our court today is obeying, as it must, the new confession rules announced in Miranda, but it seems to be overlooking the explicit statement in Johnson v. New Jersey (384 U. S. 733) that the States “ are still entirely free * * * to apply those standards in a broader range of- cases than is required by this decision ’ ’ — that is to say, we may apply the new rules to currently argued appeals just as New York has always done in the past. There is nothing in *354 Johnson mandating our refusal of today to apply Miranda to a newly argued appeal like this one.
Our court presaged the Escobedo v. Illinois decision (378 U. S. 478) in People v. Donovan (13 N Y 2d 148, supra) and we have consistently applied the Donovan rule to cases which were in the normal appellate process at the time Donovan was decided. (See, e.g., People v. Failla, 14 N Y 2d 178, supra; People v. Gunner, 15 N Y 2d 226, supra; People v. Sanchez, 15 N Y 2d 387, supra; People v. Friedlander, 16 N Y 2d 248, supra.) Thus we are applying the Donovan-Escobedo doctrine to “a broader range of cases than is required by [Johnson] ” (384 U. S., p. 733). I see no valid reason why we should now depart from our long-settled practice and arbitrarily decline to apply Miranda v. Arizona (supra) in a similar fashion.
Being under no compulsion from the Supreme Court to apply old instead of new law here, we should at least look at the justice of the thing. I see no justification for our deciding this McQueen case in October, 1966 by rules stricter and more severe than those considered by the Supreme Court in June, 1966 (Miranda et al.) to be necessary for the protection of the constitutional rights of persons charged with crime. The Miranda opinion cannot be read as holding anything less than this: that under the Fifth Amendment admission into evidence of a confession secured without compliance with the requirements set out at pages 444 and 445 of 384 U. S. is a violation of the defendant’s constitutional rights. Obeying that decision and its own traditions, the New York Court of Appeals should give this defendant a new trial.
Consider the inequity and inequality, the unequal protection. Compare this defendant’s position with that of Michael Vignera whose appeal was argued in the Supreme Court with that of Miranda and others and whose conviction was reversed, and a new trial ordered" by the Supreme Court on June 13, 1966 (384 U. S. 436). Vignera’s crime had been committed in October, 1960; defendant McQueen’s was in November of that year. Vignera was convicted in a New York court in August, 1961. Mrs. McQueen was found guilty in a New York court in November, 1964. Yet opposite results are ordered by the courts as to the same question of law.
*355 No admissible concepts of justice and equality permit the courts to give Vignera a reversal and a new trial, and deny it to appellant McQueen. A considerable — as yet undetermined — number of defendants were convicted in New York courts on confessions obtained, as were Vignera’s and McQueen’s, in violation of the Miranda rules and in violation of their now-declared constitutional rights. Of all of these people is Vignera only to have a remedy? Is this the New York concept of evenhanded justice? Like other citizens we must do what we can to aid in the administration of criminal justice, but as Judges it is our duty to apply the law. Surely this duty is not diminished wjten the error brought to our attention, on appeal is a violation, as held by our highest tribunal, of the Bill of Rights.
The judgment should be reversed and a new trial ordered.
Opinion by Judge Van VooRhis. All concur, Judges Scileppi and Keating in separate opinions in each of which the other concurs as well as in the opinion by Judge Van VooRhis, except Chief Judge Desmond, who dissents in an opinion in which Judge Fuld concurs.
Upon reargument: Judgment affirmed.