■  MOUNT ST. MARY'S HOSPITAL OF NIAGARA FALLS, Appellant, v. MARTIN P. CATHERWOOD, as Industrial Commissioner et al., Respondents, and BUFFALO AND WESTERN NEW YORK HOSPITAL AND NURSING HOME COUNCIL, AFL-CIO, Intervening Defendant, Respondent.— Order unanimously affirmed, without costs. Memorandum: We agree with the conclusion reached by Special Term that section 716 of the Labor Law is valid and constitutional.  One of appellant's major contentions is that the section fails to establish basic standards sufficiently detailed to guide the Industrial Commissioner in the enforcement of the statute. Whatever doubt may have existed on this subject has been removed by the recent (L. 1969, ch. 526) amendment to section 716 which became effective July 1, 1969.  This chapter (§ 3) added three new subdivisions (7, 8 and 9) to section 716.  Subdivision 7 sets forth seven standards that the arbitrators may consider in arriving at a decision in a dispute referred to them.  Comparison of these standards with those stated in the order of the respondent Commissioner herein reveals that they are substantially identical.  This amendment, if here applicable, destroys the contention of appellant that the Commissioner lacked power or authority to establish standards but such must be found in the statute.  Controlling here is the legal principle that " An appellate court passes

upon a determination appealed from in accordance with the applicable law as it is at the time of appeal, and not in accordance with the law as it was at the time of the original determination". (10 Carmody-Wait 2d, New York Practice, § 70:279; see, also, *Black Riv. Regulating Dist.* v. *Adirondack League Club*, 307 N. Y. 475, 486.) It follows that in this declaratory judgment action we should not ignore a pertinent recent statutory enactment presently in full force and one that is a complete answer to one of appellant's principal grounds for urging that the statute is unconstitutional. (Appeal from order of Erie Special Term granting motion for summary judgment in action for declaratory judgment.) Present — Marsh, J. P., Gabrielli, Moule, Bastow and Henry, JJ.