Town of Black Brook, Appellant, v State of New York et al., Respondents.

Third Department, November 26, 1975

*Louis P. Meconi* (*Robert Rosenthal* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Murray Susswein, Ruth Kessler Toch* and *Stanley Fishman* of counsel), for respondents.

Greenblott, J. The plaintiff town commenced a declaratory judgment action to declare article 27 of the Executive Law (Adirondack Park Agency Act) unconstitutional, contending that because the act diminishes and impairs its powers to zone pursuant to the Statute of Local Governments (§ 10) and because it was passed by only one session of the Legislature, that the act is void under article IX of the New York Constitution (§ 2, subd [b], par [1]). Special Term dismissed the complaint holding that the town had no standing to challenge the act. We are thus called upon to answer the question of

whether the town does have standing to challenge the constitutional validity of the Adirondack Park Agency Act.

The town contends that the statute creating the agency is void because it was not passed at two successive sessions of the Legislature (see NY Const, art IX, § 2, subd [b], par [1]). Defendants rely on the rule that a municipality has no standing to challenge on constitutional grounds an act of the State Legislature concerning local governmental powers. As then Mr. Justice HERLIHY stated in *Board of Educ. of Cent. School Dist. No. 1 v Allen* (27 AD2d 69, 71, affd 20 NY2d 109, affd 392 US 236): "The basic principle involved is that the municipality or other agency is the creation of the State, subject to its direction and control. The extent, nature and purpose of such governmental powers are within the absolute discretion of the State and any alteration, impairment and destruction of these powers by the Legislature present no question of constitutionality."

Because a municipal corporation has the characteristics of both a sovereign unit and a private corporation, the courts have maintained a distinction between suits brought in either the city's governmental or proprietary capacity. When the governmental unit is suing in its proprietary capacity, the courts have consistently granted standing. Although the town is challenging a State statute that relates to its governmental powers, the instant case presents an exception to the general standing rule. This is so because the town is not challenging the substance of the law or the State's right to pass such legislation. It is challenging the method in which the law was enacted. In those cases where standing has been denied, the local government was challenging on substantive grounds the authority of the State to pass a statute (see, e.g., *Black Riv. Regulating Dist. v Adirondack League Club*, 307 NY 475, app dsmd 351 US 922).

The instant case does not challenge the power to pass such an act but is seeking to determine whether the Legislature has validly passed the act. Thus the challenge is to constitutional procedure, not substance. We note that the Court of Appeals has recently indicated a more liberal attitude on the issue of standing than has existed in the past. (See *Boryszewski v Brydges*, 37 NY2d 361.) We further note that the *Boryszewski* case was handed down after the decision of the Special Term herein.

In a companion action challenging the validity of the enact-

ment of article 27 on the same grounds, by a private corporation which alleges that the corporation stands to suffer financial harm, a motion to dismiss for lack of standing was denied and no appeal has been taken. Since we are of the view that the present order must be reversed, we feel that a motion to consolidate the actions should be entertained.

The order and judgment should be reversed, on the law and the facts, without costs, the complaint reinstated, and the matter remitted to Special Term for further proceedings not inconsistent herewith.

HERLIHY, P. J., MAIN, LARKIN and REYNOLDS, JJ., concur.

Order and judgment reversed, on the law and the facts, without costs, complaint reinstated and matter remitted to Special Term for further proceedings not inconsistent herewith.