■ In the Matter of KEVIN M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JUAN M., Appellant. [55 NYS3d 673]—Appeal by the father from an intake order of the Family Court, Kings County (Ben Darvil, Jr., J.), dated May 3, 2016. The intake order, insofar as appealed from, provided that "records, reports, photographs or other documents provided pursuant to this order, shall not be disclosed to counsel not assigned to this matter, absent court order" and that "[f]ailure to comply with this Order may result in the imposition of sanctions."

Ordered that the intake order is affirmed insofar as appealed from, without costs or disbursements.

In this Family Court Act article 10 proceeding alleging child abuse, the Family Court, Kings County, issued an intake order addressing various issues. As relevant here, the order concludes with the following provision:

"RECORDS, REPORTS, PHOTOGRAPHS OR OTHER DOCUMENTS PROVIDED PURSUANT TO THIS ORDER, SHALL NOT BE DISCLOSED TO COUNSEL NOT ASSIGNED TO THIS MATTER, ABSENT COURT ORDER.

"Failure to comply with this Order may result in the imposition of sanctions."

The intake order, insofar as appealed from, must be affirmed for the reasons stated in *Matter of Kaden J.M. (Quianna J.)* (152 AD3d 604 [2d Dept 2017] [decided herewith]). Although

the intake order here contains the additional language, "ABSENT COURT ORDER," which is not in the order appealed from in *Matter of Kaden J.M. (Quianna J.)*, we do not consider this additional language to be significant. Balkin, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.