■ In the Matter of KADEN J.M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; QUIANNA J., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of RIHANA J.H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; QUIANNA J., Appellant. (Proceeding No. 2.) [58 NYS3d 547]—

Appeal by the mother from an intake order of the Family Court, Kings County (Alicea Elloras, J.), dated February 1, 2016. The intake order, insofar as appealed from, provided that "records, reports, photographs or other documents provided pursuant to this order, shall not be disclosed to counsel not assigned to this matter" and that "[f]ailure to comply with this Order may result in the imposition of sanctions."

Ordered that the intake order is affirmed insofar as appealed from, without costs or disbursements.

In this Family Court Act article 10 proceeding alleging child abuse, the Family Court, Kings County, issued an intake order addressing various issues. As relevant here, the order concludes with the following provision:

"RECORDS, REPORTS, PHOTOGRAPHS OR OTHER DOCUMENTS PROVIDED PURSUANT TO THIS ORDER, SHALL NOT BE DISCLOSED TO COUNSEL NOT ASSIGNED TO THIS MATTER.

"Failure to comply with this Order may result in the imposition of sanctions."

The mother (hereinafter the appellant) challenges this provision of the intake order. She contends, among other things, that it violates both her statutory and constitutional rights to counsel by compromising her ability to obtain informed advice from her attorney in a related criminal prosecution. The appellant's position is supported by the amici curiae.

Since the intake order was issued at the first court appearance in this child protective proceeding, the record on appeal consists only of the petition, the minutes of the initial appearance, a temporary order of protection and custody, and the intake order appealed from. There are no motion papers to review. The appellant has elected to take an appeal from the February 1, 2016, intake order, rather than to seek clarification or relief in the Family Court. Thus, nothing before us indicates the nature or subject of the "RECORDS, REPORTS, PHOTOGRAPHS OR OTHER DOCUMENTS" to which the challenged provision may apply, or how the Family Court will interpret or apply the challenged provision (cf. Matter of Sean M. [Yanny M.], 151 AD3d 636, 636 [1st Dept 2017]). Although the appellant has argued that her attorney needs to consult with other attorneys and disclose information in some way, and that she will be harmed as a result of the challenged portion of the order, those needs and that harm are, at this stage, hypothetical only. The appellant has offered no reason why seeking in camera review of the materials to be provided and leave of court to disclose them in an appropriate manner would be inadequate to protect her rights. Thus, there is no nonspeculative basis upon which we can conclude that the appellant's right to counsel in this Family Court article 10 proceeding has been, or is likely to be, impinged by the challenged provision.

On this record, at this time, any determination of the validity of the challenged provision of the intake order insofar as it may impinge on the appellant's right to counsel in the Family Court proceeding would be premature (cf. generally Matter of

*Castillo*, 146 AD3d 1270, 1270-1271 [2017]; *Matter of Enlarged City School Dist. of Middletown v City of Middletown*, 96 AD3d 840, 841-842 [2012]; *Board of Black Riv. Regulating Dist. v Ogsbury*, 203 App Div 43, 47 [1922], *affd* 235 NY 600 [1923]). At this stage of the proceedings, the appellant has not demonstrated a need for relief from the challenged provision of the order.

To the extent that the appellant contends that the order may impinge on her right to counsel in a pending criminal proceeding, that contention is also hypothetical and, in any event, not properly before us on this appeal in the Family Court proceeding.

The parties' remaining contentions are either not properly before us, unnecessary to address at this point, or without merit.

Since the challenged portion of the intake order does not, in itself and absent evidence of its application, violate the appellant's right to counsel, the order, insofar as appealed from, must be affirmed. Balkin, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.