■ BOARD OF EDUCATION OF CENTRAL HIGH SCHOOL DISTRICT No. 2 OF THE TOWNS OF HEMPSTEAD AND NORTH HEMPSTEAD, Appellant, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, Respondent. (And Another Proceeding.) — *Per Curiam.* Appeals by petitioners, a Board of Education of a Central High School District and a Board of Education of a Union Free School District, from a combined order and judgment of the Supreme Court which dismissed both petitions in actions brought for declaratory judgments but subsequently and now treated as proceedings under article 78 of the CPLR (see 25 A D 2d 659) to review determinations of the State Commissioner of Education which refused petitioners' respective requests that the Commissioner make enumerations of the inhabitants of said respective districts pursuant to section 1711 of the Education Law, prerequisite to the appointment of superintendents of schools. (Opn.: 51 Misc 2d 181.) The thrust of appellants' attack is clearly to the constitutional validity of the statute, and we are not persuaded to the contrary by the nicety of the distinctions or qualifications which appellants urge in stating that such is not the purpose or effect of their argument. In the purely corporate capacities in which they sue, petitioners are without standing to mount such an attack. (*Black Riv. Regulating Dist.* v. *Adirondack League Club,* 307 N. Y. 475, app. dsmd. 351 U. S. 922; *County of Albany* v. *Hooker,* 204 N. Y. 1; *Board of Educ.* v. *Allen,* 27 A D 2d 69; *City of Buffalo* v. *State Bd. of Equalization & Assessment,* 26 A D 2d 313; and, see, also, *Matter of Diocese of Rochester* v. *Planning Bd.,* 1 N Y 2d 508, 519-520; *Shepherd* v. *Mount Vernon Trust Co.,* 269 N. Y. 234, 244-247.) Were the merits open to our consideration, we would hold that the statute in dispute conferred upon the Commissioner a constitutionally valid discretionary authority which was properly exercised in the cases before us; as the Special Term found (51 Misc 2d 181, *supra*). Judgment and order in each case affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur; Staley, Jr., J., only in the result.